ANGEL MARÍA ALVAREZ, Represented by his Father, CRISTÓBAL ALVAREZ, Plaintiff and Appellant, *v.* SANTA ISABEL SUGAR COMPANY, Defendant and Appellee.

No. 4160. Argued June 2, 1927.—Decided July 7, 1927.

*Leopoldo Tormes* for the appellant.  *José Tous Soto* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

An amended complaint alleges in substance that defendant was the owner of cars running upon a track laid along a neighborhood road through lands of defendant to a crossing over a public highway; that the said cars were attractive to children because of their character and the manner in which they were operated and that they were loaded with sugar cane; that plaintiff, a boy 13 years of age, attempted to mount one of said cars while in motion upon said crossing and was caught on the track by the said car, receiving an injury which resulted in the amputation of his right leg; that the said accident was due exclusively to the delinquency, carelessness and negligence of defendant and of its agents, subordinates and employees, said negligence consisting, among other things, (*a*) in their not having any one or

anything to prevent minors from climbing upon the said cars, because of their attractiveness, or to avoid the accident in question while crossing a public highway at a place where there is much traffic and in a thickly settled neighborhood, and (b) in that, notwithstanding the fact that plaintiff fell and notwithstanding the fact that employees of defendant saw him fall, the said cars continued in motion in such fashion that if they had been stopped immediately then plaintiff would not have received the injury now complained of.

The court below sustained a demurrer for want of facts sufficient to constitute a cause of action and for ambiguity and uncertainty. Plaintiff declined to amend and demanded judgment which was rendered accordingly.

The theory of appellant seems to be that a moving train of cars loaded with cane, when crossing a public highway, is an attractive nuisance. We are not prepared at this time to go quite so far as that.

Manifestly there is no intimation nor room for reasonable inference that the employees of defendant had time or opportunity to stop the train after seeing the boy fall and before he received the injury. On the contrary it would have been difficult to exclude the idea of a last clear chance more effectively than was done by the manner in which subdivision (b) of the last averment, *supra,* is worded.

The judgment appealed from must be affirmed.